# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 03-03133-01-CR-S-MDH |
| BRANDON SPOON, ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Pro Se Motion for Early Termination of Supervised Release. (Doc. 31). For the reasons set forth in this Order, the Court denies Defendant's motion. In 2004, Defendant pleaded guilty to charges of being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1), and possession of stolen firearms, in violation of Title 18, United States Code, Section 922(j). On May 25, 2004, Defendant was sentenced to a total sentence of 180-months' imprisonment, followed by a 5-year term of supervised release, after the Court concluded that the Defendant was subject to the terms of the Armed Career Criminal Act due to his convictions for second degree assault, first degree assault, and first degree burglary. (Doc. 34).

After three years of supervised release, Defendant requests that this Court terminate his supervised release. To this point, Defendant has complied with the conditions of supervision, maintained employment, and resides in a stable home. His term of supervised release is scheduled to expire on August 10, 2022. Both the Government and the United States Probation Office oppose Defendant's request. (Docs. 32, 34).

1

The Court has broad discretion in determining whether to terminate a term of supervised release. *United States v. Mosby*, 719 F.3d 925, 930-31 (8th Cir. 2013). Section 3583(e)(1) of Title 18 of the United States Code directs a court to consider the nature of the offense and the offender's history, as well as public safety and deterrence. The Court may discharge an offender from supervised release "if it is satisfied that such action is warranted by the conduct of the defendant release and the interest of justice." 18 U.S.C. § 3583(e)(1).

The Court is not satisfied that early termination is warranted in this case. "Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). Defendant's "compliance with all conditions of supervised release . . . is commendable, [but] that is what is required [of] all criminal defendants and is not a basis for early termination of his supervised release." *United States v. Weintraub*, 371 F. Supp. 2d 164, 167 (D. Conn. 2005). Defendant has acted exactly as he is required to act. In light of Defendant's conviction and criminal history, the Court is not satisfied that simply doing what is expected and required justifies early termination of Defendant's supervised release.

Therefore, the Court hereby **DENIES** Defendant's Pro Se Motion for Early Termination of Supervised Release. (Doc. 31).

**IT IS SO ORDERED.**
Dated: November 10, 2020

                                                         */s/ Douglas Harpool*
                                                         **DOUGLAS HARPOOL**
                                                         **UNITED STATES DISTRICT JUDGE**